Filed: 5/31/2022 9:45 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas
Brooke Holiness

111008-422

NO. _____

| | | |
|---|---|---|
| JAMES KEYS, Plaintiff | § § § § § § § § § § | IN THE DISTRICT COURT |
| vs. | | Kaufman County - 422nd District Court  NO. _____ |
| HOME DEPOT, U.S.A., INC. Defendant. | | KAUFMAN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

NOW COMES JAMES KEYS, and files this Plaintiff's Original Petition and, for cause of action, would show this Honorable Court as follows:

### I. Parties and Discovery

Plaintiff resides in KAUFMAN County, Texas. Plaintiff's partial social security number is 088. Defendant, HOME DEPOT, U.S.A., INC., is a foreign for profit corporation, licensed to do business in The State of Texas, and may be served with process by serving its registered agent for service, Corporation Service Company, d//b/a CSC- Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service is requested by private process. This is a Level 3 Case.

### II. Misnomer and Alter Ego

In the event any parties are misnamed or not included herein, such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### III. Jurisdiction

*In Personam*:

The Court has *in personam* jurisdiction over Defendant because is a company doing business in KAUFMAN County, Texas.

*Subject Matter:*

Παγε 1 οφ 6

**EXHIBIT A-2**

The Court has subject matter jurisdiction over this cause because for purposes of TRCP 47, Plaintiff seeks monetary relief of monetary relief over $250,000 but not more than $1,000,000; and non-monetary relief --an amount within the jurisdictional limits of the Court.

## IV. Venue

Venue is properly had in KAUFMAN County, Texas pursuant to the general venue provision of §15.002(a)(2) of the Texas Civil Practice and Remedies Code, in that all or a substantial part of the events or omissions giving rise to this cause of action occurred in KAUFMAN County, Texas.

## V. Factual Allegations

On or about February 19, 2021, Plaintiff was working for Defendant's business, Home Depot, 151 Windsor Ave., Terrell, KAUFMAN County, Texas, when the sequence of events leading to Plaintiff's injuries and damages began. This Home Depot is owned or operated by Defendant. Plaintiff suffered serious injuries, as a result of a slip and fall proximately caused by the negligent commissions and omissions of Defendant. This store was owned, and/or operated and/or controlled by Defendant when Plaintiff fell as a result of a dangerous condition existing on its property. Any employee of Defendant present on the premises on the day of the fall that gave rise to this suit was at all relevant times in the course and scope of employment with Defendant.

## VI. Workers Compensation Non Subscriber Negligence Cause of Action

Plaintiff was working for Defendant on or about February 19, 2021, at Defendant's business, Home Depot, at 151 Windsor Ave., Terrell, KAUFMAN County, Texas. A major snow storm in Terrell, and much of Texas had brought a few days of snow and ice and subfreezing temperatures. Defendant by and through its management and supervisors failed to provide a safe working environment and provide adequate safety training and equipment. On or about February 19, 2021, while Plaintiff was on the job, Plaintiff asked his supervisor if he could punch out early, before sundown, before the ice, snow and roads got worse, that day. Defendant's employee supervisor denied Plaintiff's request to go punch out early. Plaintiff was forced to continue working instead of being allowed to go home early, when Defendant's supervisor employee had actual knowledge of the major snow storm. In addition, Defendant had no safety plan or adequate emergency plan for the safety of its employees, or if it did, it did not follow it, in the major snow storm conditions that were currently existing. Defendant carelessly required Plaintiff to continue working up until sundown when the ice and snow conditions on Defendant's property became worse. Defendant improperly directed Plaintiff to continue working, and not go home when Plaintiff requested, when Defendant knew or should have known it was more dangerous for Plaintiff. Prior to the incident made the basis of this lawsuit, Defendant had not implemented any major storm safety drills and protocols for the safety of its employees. Defendant could have granted Plaintiff's request to go home earlier, before sunset, when it was safer for Plaintiff. But Defendant chose its business profits over its employee's safety. Defendant's supervisors and/or managers violated industry standards by neglecting their duty to protect their employees such as Plaintiff. Defendant's unsafe work decisions made Plaintiff's injuries and damages very foreseeable.

VII. Negligence Cause of Action

Plaintiff stayed at work until after sundown as he was forced to do so by Defendant's supervisor. When Plaintiff punched out, he was no longer on the clock as an employee of Defendant.

After punching out, Plaintiff was seriously injured when he slipped and fell on ice, in Defendant's parking lot, walking to his vehicle. In addition, Plaintiff contends that at the time of the incident in question, Plaintiff's injuries and damages were proximately caused by negligent commissions or omissions of the Defendant because the Defendant violated the duties it owed to Plaintiff to maintain the premises in a safe and proper manner. Defendant's actions and/or omissions breached that duty and such negligence proximately caused the fall and Plaintiff's resulting damages.

The fall in question was the result of an unreasonably dangerous condition on the premises of Defendant which a prudent premises owner or operator would have taken steps to remedy or warn persons such as Plaintiff. Defendant, in exercise of ordinary care, should have known that its parking lot was unreasonably dangerously slippery due to snow and ice in its parking lot. In addition, Defendant had actual knowledge of this dangerous condition Defendant failed to remedy the dangerous condition, and failed to warn Plaintiff of the existence of this unreasonably dangerous condition and nothing Plaintiff did or failed to do was in any way a cause or contributing factor to the fall. Further, Defendant even had in its possession, and sells items and materials, like sand, salt, and other items that it could have and should have used to remedy the dangerous ice condition in its parking lot. But, Defendant failed to do so.

VIII. Damages

Iin the incident that gave rise to this suit, Plaintiff's suffered serious injuries and damages that were proximately caused by negligent commissions and omissions of Defendant. As a direct and proximate result of the commissions and omissions of the Defendant in not keeping the premises safe, Plaintiff has suffered at least the following legal damages:

    a.    Physical pain and mental anguish in the past and in reasonable probability, the future;

    b.    Medical expenses in the past and in reasonable medical probability, the future;

    c.    Physical impairment in the past and in reasonable probability, the future;

    d.    Physical disfigurement in the past and in the future;

    e.    Emotion distress in the past.

## IX. Jury Request

Plaintiff respectfully requests the Court to order a trial on the merits by jury.

## X. Initial Disclosure

Defendant's initial Disclosures are due within 30 days of filing its Original Answer, pursuant to Rules 194.2 (a) of the Texas Rules of Civil Procedure.

## XI Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer, and that on the final trial, the Honorable Court render judgment in favor of the Plaintiff, to wit:

    a.    Damages in an amount within the court's jurisdictional limits;

    b.    Both pre-judgment and post-judgment interest at the maximum legal rate;

    c.    All expenses and costs of court authorized by Rule 131 of the *Texas Rules of Civil Procedure.*

    d.    For such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**KHATTAR LAW, P.C.**
1616 San Pedro
San Antonio, TX 78216
Phone: (210) 923-1234
Fax: (210) 785-2498
Email: rick@khattarlaw.com


_____
Richard Sarabia
State Bar No. 17648100

ATTORNEYS FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jason Khattar on behalf of Rick Sarabia
Bar No. 17648100
pi@khattarlaw.com
Envelope ID: 64965061
Status as of 5/31/2022 10:06 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Richard Sarabia | | Rick@edgoldner.com | 5/31/2022 9:45:13 AM | SENT |
| Katrina Chapa | | katrina@khattarlaw.com | 5/31/2022 9:45:13 AM | SENT |